IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MICHAEL RODOLFO MURILLO-MEJIA,      )
                                     )
          Petitioner,                )
                                     )
     v.                              )        1:26-cv-552 (LMB/LRV)
                                     )
DONNOVAN WRIGHT, et al.,             )
                                     )
          Respondents.               )

ORDER

Petitioner Michael Rodolofo Murillo-Mejia ("Murillo-Mejia"), a native and citizen of

Honduras, has filed a two-count Amended Petition for Writ of Habeas Corpus ("Amended

Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the

U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement

("ICE") agency since December 11, 2025. Specifically, he alleges that he has been detained in

violation of his due process rights (Count I) and 8 U.S.C. § 1231(a) (Count II).

Murillo-Mejia is currently detained at the Farmville Detention Center, which is within

this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the

Farmville Detention Center. Murillo-Mejia has also sued Donnovan Wright, the Director of the

ICE Enforcement and Removal Operations Washington Field Office; Markwayne Mullin, the

DHS Secretary; and Todd Blanche, the Acting Attorney General (collectively, "the federal

respondents").[1] For the reasons discussed in this Order, Murillo-Mejia's Amended Petition will

be denied without prejudice.

---

[1] Acting Attorney General Todd Blanche and Secretary Markwayne Mullin have automatically
replaced their predecessors under Federal Rule of Civil Procedure 25(d).

I.

The following facts are undisputed. Murillo-Mejia is a 30-year-old native of Honduras. [Dkt. No. 8-1] at ¶ 5. On July 23, 2014, he was removed from the United States after Customs and Border Protection agents encountered him near Hidalgo, Texas and processed him for expedited removal. Id. ¶¶ 6–7. In July 2016, Murillo-Mejia reentered the United States without inspection. [Dkt. No. 1] at ¶ 14. When not detained, he lives with his partner, her children, and his U.S. citizen daughter in Homestead, Florida; however, he has been renting a room in Richmond, Virginia since October 2025. Id. On December 11, 2025, immigration officials encountered Murillo-Mejia in Mecklenburg County, Virginia; reinstated the final order of removal against him; and detained him pursuant to 8 U.S.C. § 1231. [Dkt. No. 8-1] at ¶¶ 8–9. Because Murillo-Mejia expressed a fear of returning to Honduras, he was referred to an asylum officer, who found that Murillo-Mejia's fear was reasonable. Id. ¶¶ 10–11. Accordingly, on January 9, 2026, "DHS issued a Form I-863, Notice of Referral to Immigration Judge to initiate Withholding Only Proceedings." Id. ¶ 13. Based on the Executive Office for Immigration Review's Automated Case Information, Murillo-Mejia has an individual hearing before Immigration Judge Jorene S. Soto on May 18, 2026.

Murillo-Mejia filed his original Petition for Writ of Habeas Corpus on February 24, 2026, contending that he was entitled to a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). [Dkt. No. 1]. The federal respondents filed an opposition, indicating that Murillo-Mejia was subject to a final order of removal. [Dkt. No. 4]. Because § 1226(a) does not authorize bond hearings for noncitizens subject to final orders of removal, the Court entered an Order directing Murillo-Mejia to file an amended petition, [Dkt. No. 5], which Murillo-Mejia

2

filed on March 23, 2026, [Dkt. No. 6]. The Amended Petition has been fully briefed, see [Dkt. Nos. 8 & 9], and the Court has determined that oral argument will not aid the decisional process.

## II.

The detention and removal of noncitizens following final orders of removal is governed by 8 U.S.C. § 1231. Under § 1231(a), DHS "shall detain" and physically remove noncitizens from the United States during a 90-day "removal period." That period commences upon one of three events: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court stays removal, the date of the court's final order; or (iii) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released. 8 U.S.C. §1231(a)(1)(B). After the 90-day deadline, DHS may release a noncitizen subject to terms of supervision. Id. § 1231(a)(6). DHS may also continue to detain a noncitizen in certain circumstances, including where the noncitizen is inadmissible or DHS determines that the noncitizen is "a risk to the community or unlikely to comply with the order of removal." Id. "[I]n authorizing such post-removal-period detention, the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period." Castaneda v. Perry, 95 F.4th 750, 756 (4th Cir. 2024) (cleaned up).

The Supreme Court, however, has recognized that "serious constitutional concerns" would arise if § 1231 were interpreted to allow for "indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Thus, in Zadvydas, the Supreme Court construed the statute to contain an implicit limit on terms of detention, "the application of which is subject to federal-court review." Id. Under Zadvydas, a noncitizen's detention pursuant to § 1231 is presumptively unlawful and violates due process if his detention extends for more than six months and the petitioner "provides good reason to believe that there is no significant likelihood

3

of removal in the reasonably foreseeable future." Id. at 701. If a petitioner makes that showing, the burden shifts to the government to rebut that showing. Id. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Murillo-Mejia contends that he should be released from ICE custody because there is not a significant likelihood that he will be removed in the reasonably foreseeable future. [Dkt. No. 1] at ¶ 1. According to Murillo-Mejia, he cannot be removed at this time because DHS has determined that he has a reasonable fear of persecution if returned to Honduras, thus triggering withholding-only proceedings under 8 C.F.R. § 208.31(e). Id. If he were to prevail, "removal could be barred altogether." Id. Therefore, "removal is not reasonably foreseeable, and detention cannot be justified under § 1231(a)(6)." Id. The federal respondents oppose Murillo-Mejia's assertions, arguing instead that Zadvydas does not apply because Murillo-Mejia has not been detained for more than six months. [Dkt. No. 8] at 6–7.

Murillo-Mejia has been detained for approximately four months, meaning that Zadvydas's presumptively reasonable six-month period has not expired, and his challenge to his detention is premature. Moreover, the Court is concerned that Castaneda v. Perry, 95 F.4th 750 (4th Cir. 2024), forecloses Murillo-Mejia's Zadvydas claim. Castaneda involved a petitioner who illegally entered the United States, was removed to El Salvador, and then illegally reentered the United States. Id. at 752. When he was apprehended by ICE officers, his removal order was reinstated, and he was referred for withholding-only proceedings because he expressed a reasonable fear of returning to El Salvador. Id. at 753. He was detained for approximately two and a half years during his withholding-only proceedings, which still had not concluded by the time he filed his habeas petition arguing that his detention violated § 1231 because the

4

"protracted nature of his withholding-only proceedings" demonstrated that his removal was not reasonably foreseeable. Id. at 754–56. The Fourth Circuit rejected his Zadvydas argument, stating: "[O]ngoing withholding-only proceedings, even lengthy ones, simply do not present the same risk of 'indefinite and permanent' detention at issue in Zadvydas. Stated differently, ongoing withholding-only proceedings do not, standing alone, cast doubt on the foreseeability of an alien's removal in the future." Id. at 757–58. Although it appears that Castaneda involved facts that are substantially similar to the facts at issue in Murillo-Mejia's Amended Petition, neither party addressed whether the Fourth Circuit's holding forecloses Murillo-Mejia's claim for relief. For these reasons, Murillo-Mejia's Amended Petition will be denied without prejudice as to his ability to refile a § 2241 habeas petition after he has been detained for at least six months, at which time the Court will consider whether, in light of Castaneda, Murillo-Mejia's ongoing withholding only proceedings make his removal not reasonably foreseeable.

III.

For these reasons, it is hereby

ORDERED that Murillo-Mejia's Amended Petition, [Dkt. No. 6], be and is DENIED WITHOUT PREJUDICE.

The Clerk is directed to forward a copy of this Order to counsel of record and close this civil action.

Entered this 15 day of April, 2026.

Alexandria, Virginia

/s/ _____

Leonie M. Brinkema
**United States District Judge**

5